## THE LOTOSLAND.

### HAAKONSEN v. LOTOSLAND CORPORATION.

#### No. 13562.

District Court, E. D. New York.
Jan. 11, 1933.

Henry Ward Beer, of New York City, for libellant.

Bigham, Englar, Jones & Houston, of New York City, for claimant.

GALSTON, District Judge.

This motion seeks the delivery of the yacht Lotosland to the claimant, upon the claimant's filing a stipulation or bond in sufficient amount, as may be determined by this court.

It is resisted by the libelant, who argues that section 754, title 28, U. S. C. (28 USCA § 754), permits the release of such libeled vessel only "so long as the amount secured by such bond or stipulation shall be at least double the aggregate amount claimed by the libelants," etc.

It would work inestimable hardship on the owner of any vessel if the statute were to be construed in strict conformity with the libelant's view. It would make necessary, for instance, in a libel involving a personal injury case, by setting forth damage in any ridiculous figure whatsoever, the filing of a stipulation or bond in double the amount, no matter how slight the actual injury or damage might have been. Such, certainly, could not have been the intention of the framers of the section; and, accordingly, it is not surprising to find, as was held in Peru v. North America, 19 Fed. Cas. page 309, No. 11,017a, that this section does not abridge the power of a court of admiralty in a suit in rem to accept bail for less than double the amount of the libelant's demand.

I conclude that this court has the power to fix a bond for less than double the amount of the demand; and the remaining question is the amount of the bond thus to be fixed.

There are two causes set forth in the libel; the first having to do with the contraction of the disease by the libelant, and the second with his maintenance and care.

I cannot read The Bouker No. 2 (C. C. A.) 241 F. 831, 835, as urged by the claimant, and consequently the claim for care and maintenance cannot be disregarded. The reasonableness of the amount of the claim is, however, another matter.

In all the circumstances, the affidavit of the libelant, verified December 27, 1932, presents a serious situation; and whereas I have had occasion frequently to observe that the measure of damages resulting in impairment of earning power is always troublesome because of the numerous uncertain factors involved, nevertheless, on the basis of verdicts and awards recorded in other cases, the conclusion is inescapable that the amount sought by this libelant is wholly disproportionate to those heretofore obtained. It seems to me that the libelant will be amply protected if a stipulation or bond in the amount of $50,000 is furnished.

Motion granted. Settle order on notice.